OPINION OF THE COURT
Irad S. Ingraham, J.
Petitioner moves this court for an order requiring the Superintendent of Highways for the County of Chenango to rebuild and restore a highway bridge on town road No. 35 (Hogsback Road) in the Town of Greene, County of Chenango, State of New York.
FACTUAL BACKGROUND
On or about July 7, 1986, the Chenango County Superinten *289 dent of Highways closed and barricaded the Cady Mills Bridge. The bridge has remained closed to the public since that date although no formal proceedings have been held officially to close or to abandon the bridge.
In October 1986 petitioner brought a similar action to compel the county to repair the bridge. That petition was dismissed by this court with leave to renew after six months. In the interim the County of Chenango reviewed the status of the bridge. Petitioner renewed its application after the November 18, 1988 meeting of the Board of Supervisors when it became apparent that the board would not authorize the rebuilding or reconstruction of the Cady Mills Bridge. Minutes of this meeting illustrated that board members felt that there were other bridges which held priority over the Cady Mills Bridge.
CONCLUSIONS OF LAW
Section 231 of the Highway Law establishes the procedures to be followed for inspection and maintenance of bridges not on the improved State highway system. At issue here are subdivisions (6) and (10) of section 231. In pertinent part these subdivisions provide:
"6. Any bridge having a span of twenty-five feet or more, which has been inspected by the county superintendent of highways, may be taken over by the county under official order of the county superintendent of highways. Otherwise its status shall remain the same as bridges having less than twenty-five feet span. If the bridge having a span of twenty-five feet or more has been taken over by the county under official order, it shall be repaired, altered, reconstructed or constructed on new location under the direction of the county superintendent of highways. Upon the issuing of such official order the county superintendent shall without delay cause to be prepared plans, specifications and estimates for the repair, alteration or reconstruction of such bridge or for the construction of a bridge on new location and it shall be the duty of the board of supervisors forthwith to undertake such repair, alteration, reconstruction or construction work. The county in which such bridge having been taken over by the county superintendent of highways is located shall pay the cost of such repair, alteration, construction or reconstruction and the board of supervisors of such county is hereby authorized to provide funds for such purposes in accordance with the provi *290 sions of the highway law relating to the raising of moneys for the construction, reconstruction or repair of county roads and town highways.”
"10. Upon the recommendation of the county superintendent, the board of supervisors may, at any time, by resolution, take over any bridge having a span of twenty-five feet or over which is on a town highway or any town bridge over twenty-five feet long located within an incorporated village, although such bridge may not have been condemned, for the purpose of maintaining and preserving the same under the supervision of the county superintendent. Upon the adoption of such a resolution the clerk of the board of supervisors shall mail a certified copy of the resolution to the county superintendent, the county treasurer and the supervisor of the town within which such bridge is located, which copy shall be filed by each of said officers in his office. Such resolution shall also appropriate and make immediately available to the order of the county superintendent from county funds, such sum as may be deemed necessary for the preservation or maintenance of such bridges, and it shall be the duty of the board of supervisors to appropriate and make available to the order of the county superintendent from time to time from county funds such sums as may become necessary for the preservation and maintenance of such bridges. Any bridge taken over by the county pursuant to this section shall be under the direct supervision of the county superintendent of highways”.
In 1959 the Chenango County Board of Supervisors adopted a resolution pursuant to section 231 (10) to take over all bridges within the county having a span of 25 feet or over on town highways for the purpose of maintaining and preserving the bridges. Petitioner alleges that the county is charged with the duty to repair and maintain the Cady Mills Bridge pursuant to that resolution.
Respondent admits that the bridge was taken over by the county pursuant to section 231 (10). It however claims that the takeover pursuant to subdivision (10) carries a different responsibility from a takeover pursuant to subdivision (6). Respondent maintains that the import of a 1944 amendment to section 231 was to make a county’s duty to repair and maintain town bridges permissive rather than mandatory.
Chenango County has by resolution undertaken the responsibility for maintenance and repair of town bridges in excess of 25 féet in length. Such assumption was indeed permissive *291 rather than mandatory. Once exercised in 1959, however, it continues to the present, and any substantive differences between subdivision (6) and subdivision (10) of section 231 do not operate to reduce that responsibility in the instant case. Consequently the county is bound by the procedure outlined in the Highway Law for any purported abandonment of such bridges. (See, L 1944, ch 772; 1981 Opns St Comp No. 81-290, at 312.)
The County of Chenango closed the Cady Mills Bridge in 1986. The bridge has remained closed since that date. There have been no proceedings pursuant to section 231 to abandon the bridge, nor has the county attempted to repair the bridge. The citizens of the Town of Greene, and any adjoining landowners have been left in a state of limbo. The county’s inaction has effectively denied them the remedies provided in section 231.
The petition is granted unless within 30 days of this decision the county has initiated the proper legal procedures for abandonment of the Cady Mills Bridge.